[No. 3116. May 21, 1927.]

ORCUTT v. NICHOLS ET AL.

Rehearing Denied June 25, 1927.

[257 Pac. 998.]

### SYLLABUS BY THE COURT

A notice by the commissioner of public lands to the holder of an oil and gas lease, issued prior to the due date of the annual rental thereon, notifying the lessee of the due date of the rental, and that, unless the rental should be paid within 30 days, the lease would be canceled. without further notice, is a valid notice, and authorizes the commissioner to cancel the lease after the expiration of 30 days after the due date of the rental.

Appeal from District Court, Chaves County; Brice, Judge.

Application by H. T. Orcutt to revoke the cancellation of an oil lease by the Public Land Commissioner, opposed by G. T. Nichols and others. After sustaining a demurrer to the application, the district court on appeal sustained the demurrer and dismissed the application, and applicant appeals. Affirmed.

J. D. Atwood, of Roswell, for appellant.

H. M. Dow, of Roswell, and David Chavez, Jr., of Santa Fe, for appellees.

C. J. Roberts, of Santa Fe, amicus curiae.

---

[1] 40CJ p. 896 n. 3.

OPINION OF THE COURT

PARKER, C. J. The appellant had an oil lease dated November 26, 1923. On November 7, 1924, the commissioner of public lands mailed a notice to appellant, giving the due date of the rental on this lease for the succeeding year, which notice contained the following:

"If payment is not made within 30 days, lease will be canceled without further notice."

On February 27, 1925, the commissioner of public lands declared the lease forfeited for nonpayment of rentals, and leased the lands to other parties. Afterwards the appellant filed in the office of the commissioner an application to revoke the cancellation of the said lease. A demurrer on behalf of appellees was filed before the commissioner, which was by him sustained. Thereupon appellant appealed to the district court of Chaves county, where the case was heard upon the demurrer, which demurrer was sustained, and the application of appellant was dismissed. From this judgment, the case is here on appeal.

Much argument and citation of authorities is made in the briefs, which we do not deem relevant to the inquiry. Counsel for appellant devotes much space to demonstrating that under section 20 of the lease he is entitled to 30 days notice before forfeiture can be declared. This proposition is denied by counsel for appellees on the ground that section 6 of the lease provides for forfeiture of the lease automatically in case of failure to pay rentals. We do not deem this controversy of any revelancy to the proper determination of the case. We assume that appellant was entitled to 30 days notice before forfeiture could be declared by the commissioner of public lands. It appears, however, that appellant received more than 30 days notice before forfeiture was declared. It is true that the notice served by the commissioner was prior to the due date of the rental, but we regard this as entirely immaterial. The notice served pointed out the due date for the payment of the rentals, and

notified the appellant that, if the rental was not paid within 30 days, the lease would be forfeited without further notice. The only thing in the notice approaching ambiguity is the fact that it does not distinctly state that the lease would be forfeited after 30 days after the due date of the rental. Such, however, is the plain meaning of the notice. If the commissioner had attempted to forfeit this lease 30 days after the date of the notice, it might have been a violation of appellant's rights, but the commissioner made no such attempt, and declared forfeiture more than three months after the due date of the rental. In this way appellant received more consideration at the hands of the commissioner than he was entitled to under the provisions of the lease. The fact that the 30 days notice was given prior to the due date of the rental is of no significance whatever.

It follows that the judgment of the district court in sustaining the demurrer to the application of appellant was correct, and should be affirmed, and it is so ordered.

BICKLEY and WATSON, JJ., concur.